IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY R. KOSCHNICK
W137 Oosty Avenue
Oconomowoc, WI 53066,

        Plaintiff,

v.

GOVERNOR JAMES DOYLE, in his official
capacity as Governor of the State of
Wisconsin
Office of the Governor
115 East State Capitol
Madison, WI 53702

KEVIN KENNEDY, in his official capacity as
Director of Wisconsin's Government
Accountability Board
212 East Washington Avenue, Third Floor
Madison, WI 53707-7984,

 and

DAWN MARIE SASS, in her official capacity
as Wisconsin State Treasurer
Wisconsin Office of the State Treasurer
1 S. Pinckney Street
Suite 360
Madison, WI 53707

        Defendants,

Case No. 09-CV-767

---

**AMENDED COMPLAINT**

---

Now comes Randy R. Koschnick, by and through his counsel, James R. Troupis, John C. Scheller and Mary C. Turke of Michael Best & Friedrich LLP and for his Amended Complaint against the above listed Defendants, states as follows:

**Introduction**

1. This case challenges the constitutionality of 2009 Wisconsin Act 89 (the "Act") relating to public financing of campaigns for the office of justice of the supreme court ("Office of Justice"). The Act was signed into law on December 1, 2009 and will become fully effective December 1, 2010 prior to the filing dates for the next election for the Office of Justice.

2. The Act is an unconstitutional legislative scheme to use the State's general revenue and administrative funds and to take other actions, to affect the process and ultimately the outcome between or among candidates who campaign for the Office of Justice.

3. As an overview, the Act creates new provisions in Wisconsin Chapter 11 – Wisconsin's Campaign Finance statute that are applicable solely to elections of the Office of Justice. The Act also repeals and amends related provisions in Wisconsin Statute Chapters 8 (Elections) 20 (Appropriations) and 25 (Trust Fund).

4. The Act establishes a "democracy trust fund" (the "Democracy Trust Fund") for public financing of campaigns for the Office of Justice.

5. The Democracy Trust Fund is funded first by voluntary taxpayer contributions using the "check-off" box on Wisconsin income tax returns.

6. However, if there are insufficient funds in the Democracy Trust Fund to cover the public financing obligations contemplated in the Act, the Act appropriates a transfer of revenue from the State's general fund to the Democracy Trust Fund to make up the difference. *See* Wis. Stat. § 20.855(4)(bb).

7. To participate in the Democracy Trust Fund, candidates ("Participating Candidate" or "PC") must meet certain thresholds, including collection of qualifying contributions as defined in the Act. In return, Participating Candidates agree to limit

2

their campaign spending to amounts specified in the Act during certain phases of the campaign (the "Public Financing Benefit").

8. The Act, as a whole, violates the Speech Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by suppressing the speech of candidates for the Office of Justice and the electorate and by favoring publicly-financed candidates over those who use private funds.

9. By way of example but not by limitation, the Act is unconstitutional in, at least, the following ways:

    a. The Act arbitrarily limits the amount that both candidates for the office and third parties may contribute to election campaigns for the Office of Justice;

    b. The Act sets contribution limits that are unconstitutionally low and unconstitutionally different from candidates for other statewide offices;

    c. Candidates who are unable to qualify or choose not to participate in the public financing system ("Non-Participating Candidates" or "Non-PCs") are unfairly penalized if they raise or spend more money than their Participating Candidate opponents because those PC opponents receive dollar-for-dollar subsidies – up to three times the Public Financing Benefit – after Non-PCs raise or spend above a threshold amount;

    d. The Act unfairly penalizes third parties by subsidizing PCs (again, dollar-for-dollar and up to three times the Public Financing

        Benefit) when third-parties expend funds in advocating against a PC or in favor of a Non-PC;

    e.  The Act arbitrarily and unconstitutionally restricts contributions from political action and other committees to Non-PCs;

    f.  The Act puts an unconstitutional burden on Non-PCs in reporting requirements; and

    g.  The Act requires Non-PCs to use language that is inappropriate and aggressive and intentionally a statement of a position, contrary to the First Amendment and is ultimately false speech.

10. Because the Act violates Constitutional protections afforded plaintiff and all citizens of this state, plaintiff respectfully seeks declaratory, injunctive and other relief from the Act.

## Jurisdiction and Venue

11. Plaintiff brings this action under 42 U.S.C. § 1983 and also seeks relief under 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 1988.

12. This Court has jurisdiction under 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4).

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## The Parties

14. Plaintiff, the Honorable Randy R. Koschnick is a Wisconsin Circuit Court Judge in Jefferson County. His residence is W137 Oosty Avenue, Oconomowoc, Wisconsin 53066.

15. Plaintiff was a candidate for the Office of Justice in 2009. He did not rely on public financing; rather plaintiff spent privately-raised monies on his campaign. Plaintiff also accepted campaign donations from committees.

16. Plaintiff intends to become a candidate for the Office of Justice in future elections, and continues to explore these possibilities.

17. Consistent with his past practice, plaintiff does not intend to rely on public campaign financing and does expect to expend funds received from committees.

18. It is essential to the process of evaluating opportunities to run for the Office of Justice that plaintiff know the limitations and obligations related to fundraising and other forms of speech.

19. Defendant James Doyle is a resident of Wisconsin and its Governor. This action is brought against Governor Doyle in his official capacity. The Governor signed the Act into law and, as Chief Executive Officer of Wisconsin, is charged with ensuring that all laws of this State are properly administered and enforced.

20. Defendant Kevin Kennedy is a resident of Wisconsin and Director and General Counsel of Wisconsin's Government Accountability Board (the "Board). This action is brought against Mr. Kennedy solely in his official capacity as Director of the Board and the Chief Elections Officer of the state. Wis. Stat. § 5.05(a). The Board, through the actions of the Chief Elections officer, administers laws relating to elections and elections campaigns in Wisconsin. Among other things, the Chief Elections Officer is empowered to make probable cause determinations regarding alleged violations of the elections laws, investigates alleged violations, presides over hearings and issues decisions on the merits of such complaints. *See* Wis. Admin. Code Chapter GAB 20 (2008).

21.     Defendant Dawn Marie Sass is a resident of Wisconsin and the Wisconsin State Treasurer (the "Treasurer").  This action is brought against Ms. Sass solely in her official capacity.  As Treasurer, Ms. Sass' duties include establishing and administering the Democracy Fund for Participating Candidates.

### Factual and Legal Allegations

22.     As described herein, the Act is an unconstitutional legislative scheme that impermissibly limits free speech rights of candidates for Office of Justice, free speech rights of the electorate and unfairly and unlawfully favors Participating Candidates over Non-Participating Candidates.

### COUNT I

**(Contribution Limits – Wis. Stat. §§ 11.26(1)(am); (2)(an))**

23.     The Act arbitrarily and without justification, reduces the amount individuals may contribute to candidates for the Office of Justice from $10,000 to $1,000.  Wis. Stat. § 11.26(1)(am).

24.     The Act arbitrarily and without justification, reduces the amount committees may contribute to candidates for the Office of Justice from $8,625.00 to $1,000.  Wis. Stat. § 11.26(2)(an).

### COUNT II

**(Aggregate Committee Limits – Wis. Stat. §§ 11.26(9)(a), (b) & (ba))**

25.     The Act unlawfully favors Participating Candidates by limiting the amount Non-Participating Candidates may receive from all committees subject to a filing requirement (including political party and legislative campaign committees) and limiting the amount Non-PCs may receive from all other committees.  Wis. Stat. § 11.26(9)(a), (b) and (ba).

## COUNT III

**(The Millionaire Provision – Wis. Stat. § 11.512(2))**

26.     The Act's "millionaire"[1] provision unlawfully favors Participating Candidates by requiring payment of public monies to Participating Candidates, above the Public Financing Benefit, when a Non-PC opponent receives or spends more than five percent (5%) greater than the Public Financing Benefit. Wis. Stat. § 11.512(2).

## COUNT IV

**(The Independent Disbursement Provision Wis. Stat. § 11.513(2))**

27.     The Act's Independent Disbursement Provision favors Participating Candidates by giving additional public funding above the Public Financing Benefit to Participating Candidates when third parties make independent disbursements on behalf of a Non-Participating Candidate that, in the aggregate, exceed 120 percent of the Public Financing Benefit.  Wis. Stat. § 11.513(2).

28.     As with the Millionaire Provision, under the Independent Disbursement Provision, a Participating Candidate receives up to three (3) times the Public Financing Benefit if an independent third party spends money in favor of a Non-Participating Candidate in the requisite aggregate dollar amount.

29.     Consequently, if a citizen or group makes an independent disbursement to advocate for the election of a Non-Participating Candidate, then, after the aggregate threshold is met, the Participating Candidate receives dollar for dollar public funding from the State.  This provision penalizes both the independent speaker and the Non-Participating Candidate in favor of the Participating Candidate.

---

[1] This "millionaire" reference is to an amendment to the McCain Feingold Act, which the U.S. Supreme Court stuck down as violating the First Amendment.

## COUNT V

**(Heightened Reporting Requirements – Wis. Stat. § 11.512(1))**

30. The Act imposes additional reporting requirements on Non-Participating Candidates for all contributions, obligations and disbursements made in excess of the Public Financing Benefit plus five (5) percent. Wis. Stat. § 11.512(1).

31. Additionally, the Act requires Non-PCs to report at an expedited rate, each additional $1,000 expended thereafter.

32. These heightened reporting requirements for Non-Participating Candidates place an unconstitutional burden on Non-PCs' speech and arbitrarily and without reasonable basis, favor Participating Candidates.

## COUNT VI

**(The Attribution Provision – Wis. Stat. § 11.522(2))**

33. The Act has a chilling effect on speech because individuals who are interested in advocating for the election or defeat of a Non-Participating Candidate are less inclined to speak because the State will provide additional funding to the Participating Candidate to allegedly counteract such speech.

34. Additionally, the Act provides a windfall for Participating Candidates. If an individual or entity over which a Non-Participating Candidate has no control spends money to advocate for such candidate's election (or the defeat of his or her PC opponent), the PC receives additional public funds after a threshold is met.

35. The Act also directly harms Non-Participating Candidates as they are not entitled to receive matching funds when an independent expenditure is made in support of a Participating Candidate. In other words, there are no matching funds for a Non-PC for amounts spent in favor of a PC.

36. The Act also impermissibly favors Participating Candidates by requiring that in addition to the disclosure requirements of § 11.30(2), electronic or print communications paid for or authorized by Non-Participating Candidates must contain the following statement suggesting non-compliance with the law:  "This communication is paid for with money raised from private sources.  *This candidate has not agreed to abide by campaign contribution and spending limits.*"

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court provide the following relief:

A. Declare the Act unconstitutional;

B. Grant temporary and permanent injunctive relief barring defendants from enforcing the Act in whole or in part;

C. Award plaintiff, Randy R. Koschnick, his reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and

D. Grant such other additional and equitable relief to which plaintiff is entitled.

Dated this 23rd day of December, 2009.

Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

s/James R. Troupis
James R. Troupis (SBN 1005341)
John C. Scheller (SBN1031247)
Mary C. Turke (SBN 1027045)
One S. Pinckney Street, #700, P.O. Box 1806
Madison, WI  53701-1806
Ph:  608-257-3501
Fax: 608-283-2275
Email: jrtroupis@michaelbest.com
        jcscheller@michaelbest.com
        mcturke@michaelbest.com

**Attorneys for Plaintiff**

**Of Counsel:**

**CENTER FOR COMPETITIVE POLITICS**

Stephen Hoersting
124 S. West Street, Suite 201
Alexandria, VA 22314
Ph: 703-894-6811
Fax: 703-894-6811

Q:\FIRM\000000\0825\B2141009.1

10